IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Mario Reginald Rogers, )
                                                         )      C.A. No. 6:17-1479-HMH-KFM
                Petitioner, )
                                                         )      **OPINION & ORDER**
vs. )
                                                         )
Assistant Warden Gio Ramirez, )
                                                         )
                Respondent. )

      This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Mario Reginald Rogers ("Rogers"), a federal prisoner proceeding pro se, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. Magistrate Judge McDonald recommends dismissing the petition without prejudice and without requiring the Respondent to file an answer or return because 28 U.S.C. § 2255 is not inadequate or ineffective to test the legality of his conviction. (R&R 3-5, ECF No. 11.)

      Rogers filed an objection to the Report and Recommendation on August 14, 2017.[2] (Objs., ECF No. 15) Objections to the Report and Recommendation must be specific. Failure

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Houston v. Lack, 487 U.S. 266 (1988).

1

to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Rogers' objections are nonspecific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Rogers objects that the magistrate judge erred in finding that the § 2255(e) savings clause does not authorize the instant § 2241 petition because § 2255 was not inadequate or ineffective to test the legality of his detention. (Objs. 1-2, ECF No. 15.) Specifically, Rogers argues that he should not have been sentenced as a career offender pursuant to § 4B1.1 of the United States Sentencing Guidelines ("USSG") because his prior convictions do not qualify as predicates under the USSG in light of Mathis v. United States, 136 S. Ct. 2243 (2016). (Id., ECF No. 15.)

The § 2255(e) savings clause allows a prisoner to challenge the validity of a conviction under § 2241, if the prisoner can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). Additionally, the savings clause in § 2255(e) applies only to claims in which Rogers alleges actual innocence, rather than claims challenging sentencing enhancements. See Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010); United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008).

In the instant case, Rogers does not allege that he is actually innocent of the underlying conviction. Instead, Rogers is challenging his career offender sentencing enhancement under § 4B1.1 based on his prior convictions. As a result, the magistrate judge did not err in finding that § 2255 was not inadequate or ineffective to test the legality of his detention and that his only remedy "is to seek permission [from] the appropriate court of appeals to file a second or successive § 2255 [motion] in the sentencing court." (R&R 5, ECF No. 11.) Therefore, after a thorough review of the magistrate judge's Report and Recommendation and the record in this case, the court adopts the magistrate judge's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Rogers' § 2241 petition, docket number 1, is dismissed without prejudice and without requiring the Respondent to file an answer or return.

**IT IS SO ORDERED**.

                                                                     s/Henry M. Herlong, Jr.
                                                                      Senior United States District Judge

Greenville, South Carolina
August 17, 2017

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.